UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ENDICO POTATOES, INC.,

                    Plaintiff,

      -against-

NASSIR AHMAD BAYAT, RUHULLAH BAYAT and
BAYAT OVERSEAS, INC. d/b/a PAMIR FOOD,

                    Defendants.
_____

SCANNED

Case No.: 08 CV 01004 (JSR)

AMENDED
COMPLAINT



      The plaintiff, ENDICO POTATOES, INC., by and through its attorneys, KREINCES & ROSENBERG, P.C., for its complaint against the defendants, NASSIR AHMAD BAYAT, RUHULLAH BAYAT and BAYAT OVERSEAS, INC. d/b/a PAMIR FOOD, alleges:

## THE PARTIES

    1.    The plaintiff, ENDICO POTATOES, INC. ("ENDICO"), is a New York Corporation doing business at 160 N. MacQuesten Parkway, Mount Vernon, New York 10550, engaged in the business of buying and selling wholesale quantities of foods and other goods ("goods") in interstate and in intrastate commerce.

    2.    The defendant, BAYAT OVERSEAS, INC. d/b/a PAMIR FOOD ("BAYAT OVERSEAS") was a New York Corporation.

    3.    The defendant, NASSIR AHMAD BAYAT ("NASSIR"), upon information and belief was an officer, director and shareholder of BAYAT OVERSEAS, a foreign corporation doing business in the State of New York.

    4.    The defendant, RUHULLAH BAYAT ("RUHULLAH"), upon information and belief was an officer, director and shareholder of BAYAT OVERSEAS, a foreign corporation doing business in the State of New York.

    5.    At all times hereinafter mentioned, BAYAT OVERSEAS of which the individual

DOC # _____            # DOC

defendants were officers, directors and shareholders, conducted business at 53-01 Nurge Avenue, Maspeth, County of Queens, City and State of New York at all times hereinafter mentioned.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the causes of action against the defendants NASSIR, RUHULLAH and BAYAT OVERSEAS pursuant to 28 U.S.C. §1332 in that the amount in controversy exceeds $75,000.00, and each of them are citizens of the State of New Jersey.

7. Venue in this District is proper pursuant to 28 U.S.C. §1391(b) in that the substantial part of the events giving rise to the claims occurred in this judicial District.

## FACTUAL BACKGROUND

8. On or about October 12, 2007 the plaintiff, ENDICO, procured a Default Judgment in the amount of $258,290.44 against one BAYAT OVERSEAS which judgment was entered in the office of the Clerk of the County of Queens on October 12, 2007. A copy of the Judgment is annexed hereto and made part hereof as Exhibit "A".

9. The Judgment was based upon goods sold and delivered by the plaintiff ENDICO to BAYAT OVERSEAS between May 4, 2006 and June 12, 2006, aggregating the sum of $226,577.13. A copy of the statement of the sale of goods is annexed hereto and made part hereof as Exhibit "B". The invoices from May 4, 2006 to June 9, 2006 containing the goods sold and delivered by the plaintiff ENDICO to BAYAT OVERSEAS are annexed hereto and made part hereof as Exhibit "C".

10. No part of the aforesaid Judgment has been satisfied by BAYAT OVERSEAS or by the defendants and the Judgment is in full force and effect and has not been modified, vacated or reversed.

11. On or about October 30, 2007, plaintiff ENDICO served an Information Subpoena with annexed Questionnaire upon Commerce Bank, the bank at BAYAT OVERSEAS had its operating account. A copy of the Information Subpoena and Questionnaire is annexed hereto and part hereof as Exhibit "D".

12. On or about November 8, 2007, Commerce Bank responded to the Information Subpoena and answered the questions contained therein, a copy of which is annexed hereto and part hereof as Exhibit "E".

13. In addition and in response to the subpoena served upon the Commerce Bank, certain bank statements were received by the plaintiff, ENDICO, as follows:

    A. Bank statement for the period January 3, 2006 through January 31, 2006, a copy of which is annexed hereto and made part hereof as Exhibit "F" which bank statement shows deposits of $112,116.49 and debits of $111,765.60 leaving a balance of $18,743.12 as of January 31, 2006.

    B. Bank statement for the period February 1, 2006 through February 28, 2006 showing deposits and credits of $73,843.01 and debits of $76,303.49 leaving a balance of $16,282.64 as of February 28, 2006, a copy of which is annexed hereto as Exhibit "G".

    C. Bank statement from March 1, 2006 through March 31, 2006 with deposits of $103,060.51 and debits of $106,700.85 leaving a balance as of March 31, 2006 of $12,642.30, annexed as Exhibit "H".

D.      Bank statement from April 3, 2006 through April 30, 2006 with deposits of $63,084.95 and debits of $59,549.09, annexed hereto and made part hereof as Exhibit "I". On April 30, 2007, the balance was $16,178.16.

Upon information and belief,

    i.    BAYAT OVERSEAS has no books of account;

    ii.    BAYAT OVERSEAS had no inventory during the months of April, May and June.

    iii.    BAYAT OVERSEAS had a negative value in that its liabilities exceeded its assets during April, May and June of 2006.

    iv.    BAYAT OVERSEAS is presently out of business.

    v.    BAYAT OVERSEAS is a defunct entity which cannot pay its debts.

    vi.    BAYAT OVERSEAS has been stripped of its assets in that they have been appropriated for the personal use of the defendants NASSIR and RUHULLAH and have been used by them to create new businesses.

    vii.    BAYAT OVERSEAS was never adequately capitalized to engage in the business for which it was formed.

    viii.    From the time of its formation in the year 2003, BAYAT OVERSEAS was under capitalized with the intent of avoiding obligations bound to arise as a result of its operations.

    ix.    The defendants NASSIR and RUHULLAH continually drained all income out of BAYAT OVERSEAS in disregard of its corporate existence.

    x.    BAYAT OVERSEAS failed to adhere to the formalities of corporate existence in that failed to keep adequate records relating to governance of its corporate affairs and accounting of its finances, in that it failed to issue any share certificates to its shareholders, NASSIR and RUHULLAH and to obtain from them capital contributions and in return therefore, in that it failed to retain, before distribution to each defendant, earnings from its operations in an amount sufficient to meet its financial obligations.

    xi.    Each defendant completely dominated the corporation in that they organized, managed and controlled BAYAT OVERSEAS.

    xii.    Each defendant conducted the business of BAYAT OVERSEAS in disregard of its corporate formalities in a manner that suited each defendant's own personal convenience.

14.    By virtue of the foregoing, BAYAT OVERSEAS primarily transacted the business of each defendant rather than its own business and acted as the alter ego of each defendant.

15.    In view of each defendants disregard of the formalities of the corporate existence of BAYAT OVERSEAS the adherence to the fiction of such separate corporate existence of BAYAT OVERSEAS would result in injustice to the plaintiff.

16. By reason of the foregoing, each defendant is personally responsible for the indebtedness of BAYAT OVERSEAS to the plaintiff and is therefore personally liable to the plaintiff in the amount of the aforesaid judgment against BAYAT OVERSEAS together with interest from the date of entry of the judgment.

17. Pursuant to the Subpoena, Commerce Bank provided bank statement for BAYAT OVERSEAS for the period of May 11 through May 31, 2006, annexed hereto and made part hereto as Exhibit "J".

18. This period is the same period during which the plaintiff, ENDICO, sold its goods to BAYAT OVERSEAS viz. May 4, 2006 to June 12, 20006 ("period of purchase"). During the period of purchase there was an overdraft balance and as of May 31, 2006 there was an overdraft balance of $11,951.51.

19. During the aforesaid period of purchase there was a levy fee and New York restraining notice on May 11, 2006 in the sum of $17,870.74 which was paid on May 12, 2007. In addition there was a restraining notice on May 19, 2006 in the sum of $18,862.79 which was paid on May 23, 2006 after a deposit in cash, by the defendants into the bank account of BAYAT OVERSEAS in the sum of $24,000.00 on May 22, 2006. During the period of purchase, there were seven return checks and on several occasions uncollected funds fees.

## COUNT 1

### (FAILURE TO PAY FOR GOODS SOLD)

20. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "19" as though fully set forth herein.

21. A substantial amount of goods were purchased by BAYAT OVERSEAS from the plaintiff from May 4, 2006 through May 31, 2006 when the balance due to the plaintiff was $186,516.01, which represents the agreed price and reasonable value of the goods purchased by BAYAT OVERSEAS from the plaintiff from May 4, 2006 through May 31, 2006 during which and at the end of the period of purchase, BAYAT OVERSEAS had an overdraft balance.

22. During the period of June 2, 2006 through June 30, 2006, there were deposits of $365,011.81, debits of $353,060.30 and a beginning overdraft of $11,951.51 leaving a balance in the checking account as of June 30, 3006 of zero dollars, a copy of this statement is annexed hereto and made part hereof as Exhibit "K". From the period of June 1, 2006 through June 12, 2006, BAYAT OVERSEAS purchased additional goods from the plaintiff ENDICO aggregating the sum of approximately $45,000.00.

23. Each of the defendants signed the following checks and delivered the same to the plaintiff in payment of the invoices annexed hereto and made part hereof as Exhibit "C", all of which checks were returned for the reason set forth through their amount, checks annexed hereto as Exhibit "L".

    a. Check of June 16, 2006 in the sum of $15,600.05 returned for reason that the account was closed.

    b. Check of June 9, 2006 for $16,027.75 - insufficient funds.

    c. Check of June 12, 2006 for $15,600.05 - insufficient funds.

    d. Check of June 15, 2006 for $15,800.05 - account closed.

24. The defendants are responsible for the payment of the judgment to the plaintiff ENDICO POTATOES in that each of them exercised such complete domination and control in respect to the purchase of the goods by BAYAT OVERSEAS during the months of May and June when each of them knew that the operating account of BAYAT OVERSEAS did not have sufficient funds to pay for such goods in the normal course of business and in respect to the transactions for the sale of goods by ENDICO to BAYAT OVERSEAS and, as such, BAYAT OVERSEAS at that time had no separate will of its own in that each of these defendants were controlling and dominating the affairs of BAYAT OVERSEAS.

25. This domination and control was used to commit a fraud and other wrongful acts against the plaintiff ENDICO which caused it injury in that it sold goods having an agreed price and reasonable value of $226,677.15 which has ripened into a judgment of $258,290.44.

26. In fact, each of these defendants knew that the corporation did not have sufficient funds to pay for the goods which it ordered and received from the plaintiff ENDICO during the months of May and June, 2006 and, had known and had planned that BAYAT OVERSEAS would cease doing business and close its bank account in June, 2006. Each of these defendants controlled and dominated the affairs of BAYAT OVERSEAS to perpetuate fraud and a wrong upon the plaintiff ENDICO in that BAYAT OVERSEAS could never pay for the goods in view of the history of its receipts and expenses as set forth in its operating account, could not make good the checks which it issued and that in issuing checks which they knew would be returned for insufficient funds and for the reason that the account was closed. These checks aggregate the sum of $63,027.90.

27. Such conduct is inimical to the normal and customary operation of corporate affairs and such perfidy was conducted by each defendant solely for the purpose of permitting the generation of account's receivable by the sale of the goods, the collection of which were used by each defendant for its personal use thus perverting the legitimate structure of BAYAT OVERSEAS.

## COUNT II

28. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "27" above as if fully set forth herein.

29. Each plaintiff concealed their knowledge that they were terminating the business of BAYAT OVERSEAS, that the operating funds of BAYAT OVERSEAS were insufficient to pay for the goods sold and delivered to it by the plaintiff ENDICO, that there were levies and restraining notices imposed by judgment creditors upon the bank account of BAYAT OVERSEAS, that it issued checks when they knew there was insufficient funds to pay those checks and issued checks when, in fact, the account was closed.

30. Each defendant knew that if they had told the plaintiff, ENDICO, of their knowledge as aforesaid that the defendant ENDICO would not sell to the plaintiff BAYAT OVERSEAS such goods aggregating the sum of $228,677.13 because, in fact, each defendant knew that BAYAT OVERSEAS would be unable to pay for such goods as they ordered such goods on each of the days set forth in the statement annexed hereto and made part hereof as Exhibit "B".

31. Each plaintiff knew that the plaintiff ENDICO would rely upon such knowledge had it been communicated to them and, intentionally and recklessly withheld such knowledge from the plaintiff ENDICO which it ordered goods from the plaintiff ENDICO during the months of May and June of 2006.

## COUNT 3

32. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "31" above as if fully set forth herein.

33. BAYAT OVERSEAS permitted the individual co-defendants to engage in the activities described in this Complaint including but not limited to the issuance of checks with insufficient funds and checks on an account that had been closed.

34. BAYAT OVERSEAS engaged in the commission of tortious acts including, but not limited to the issuance of checks on insufficient funds and checks on an account which had been closed, fraud upon creditors and further permitting its assets to be procured and obtained by the individual co-defendants in lieu of creditor's claims including but not limited to that of the plaintiff.

35. By reason of the foregoing, the plaintiff has been damaged in the sum of $258,290.44.

WHEREFORE, plaintiff demands judgment against each defendant, jointly and severely in the sum of $258,290.44 with interest from October 12, 2007 on each count, together with punitive damages of $250,000.00, and the costs and disbursements of this action.

Dated this 10th day of June, 2008

Respectfully submitted,

KREINCES & ROSENBERG, P.C.

By: _____
LEONARD KREINCES (LK/6524)
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500

Z:\kreinces1\WORK\General\EndicoPotatoes\Pamir Foods-Bayat\Amended Complaint.6-3-08.frm