UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ENDICO POTATOES, INC.,

                          Plaintiff,                    08 CIV 1004 (JSR)

            -against-                    **ANSWER TO PLAINTIFF'S**
                                                      **AMENDED COMPLAINT**
NASSIR AHMAD BAYAT, RUHULLAH BAYAT
And BAYAT OVERSEAS, INC. d/b/a PAMIR
FOOD,

                          Defendants.
------------------------------------------------------------X

        Defendants, NASSIR AHMAD BAYAT and RUHULLAH BAYAT (hereinafter referred to as "Defendants"), by and through his attorneys, KAUFMAN BORGEEST & RYAN LLP, respond to the allegations made against them in the Plaintiff's Complaint as follows:

### PARTIES

        1.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Plaintiff's Complaint.

        2.    The Defendants admit the allegations contained in paragraph "2" of the Plaintiff's Complaint.

        3.    The Defendants admit that Nassir was an officer, director and shareholder of Bayat Overseas, Inc. d/b/a Pamir Food, which was doing business in the State of New York, but deny that the company was a foreign corporation as alleged in paragraph "3" of the Plaintiff's Complaint.

        4.    The Defendants admit that Ruhullah was an officer, director and shareholder of Bayat Overseas, Inc. d/b/a Pamir Food, which was doing business in the State of New York, but

deny that the company was a foreign corporation as alleged in paragraph "4" of the Plaintiff's Complaint.

5.  The Defendants admit the allegations contained in paragraph "5" of the Plaintiff's Complaint.

## JURISDICTION AND VENUE

6.  The Defendants deny the allegations contained in paragraph "6" of the Plaintiff's Complaint and respectfully refer all questions of law to the Court for judicial determination.

7.  The Defendants deny the allegations contained in paragraph "7" of the Plaintiff's Complaint and respectfully refer all questions of law to the Court for judicial determination.

## FACTUAL BACKGROUND

8.  The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Plaintiff's Complaint and state that the Judgment speaks for itself.

9.  The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Plaintiff's Complaint.

10. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Plaintiff's Complaint

11. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Plaintiff's Complaint.

12. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Plaintiff's Complaint.

13. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13(A)-(D)" of the Plaintiff's Complaint and, without admitting to the truth or authenticity of any purported exhibit attached thereto, refer to the documents which speak for themselves. The Defendants admit to Paragraph 12(D)(iii), (iv) and (v) and deny Paragraph 13(D)(i), (ii), (vi), (vii), (viii), (ix), (x), (xi), and (xii).

14. The Defendants deny the allegations contained in paragraph "14" of the Plaintiff's Complaint.

15. The Defendants deny the allegations contained in paragraph "15" of the Plaintiff's Complaint.

16. The Defendants deny the allegations contained in paragraph "16" of the Plaintiff's Complaint.

17. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Plaintiff's Complaint.

18. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Plaintiff's Complaint.

19. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Plaintiff's Complaint.

## COUNT I

20. The Defendants repeat and incorporate each and every answer set forth in paragraphs "1" through "21" as though fully set forth herein.

21. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Plaintiff's Complaint.

22. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Plaintiff's Complaint and, without admitting to the truth or authenticity of any purported exhibit attached thereto, refer to the document which speak for itself.

23. The Defendants deny that each of the defendants signed the checks attached to the Plaintiff's Complaint as Exhibit "C", deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "23" of the Plaintiff's Complaint, and, without admitting to the truth or authenticity of any purported exhibit attached thereto, refer to the documents which speak for themselves.

24. The Defendants deny the allegations contained in paragraph "24" of the Plaintiff's Complaint.

25. The Defendants deny the allegations contained in paragraph "25" of the Plaintiff's Complaint.

26. The Defendants deny the allegations contained in paragraph "26" of the Plaintiff's Complaint.

27. The Defendants deny the allegations contained in paragraph "27" of the Plaintiff's Complaint.

## COUNT II

28. The Defendants repeat and incorporate each and every answer set forth in paragraphs "1" through "27" as though fully set forth herein..

29. The Defendants deny the allegations contained in paragraph "29" of the Plaintiff's Complaint.

30. The Defendants deny the allegations contained in paragraph "30" of the Plaintiff's Complaint.

31. The Defendants deny the allegations contained in paragraph "31" of the Plaintiff's Complaint.

32. The Defendants deny the allegations contained in paragraph "32" of the Plaintiff's Complaint.

## COUNT III

33. The Defendants repeat and incorporate each and every answer set forth in paragraphs "1" through "32" as though fully set forth herein.

34. The Defendants deny the allegations contained in paragraph "33" of the Plaintiff's Complaint.

35. The Defendants deny the allegations contained in paragraph "34" of the Plaintiff's Complaint.

36. The Defendants deny the allegations contained in paragraph "35" of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a cause of action for which relief may be granted against the Defendants and should be dismissed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any purported breach of contract claim must be dismissed pursuant to the Statute of Frauds.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to comport with Rule 9(b) and should be dismissed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendants are not, nor have they ever been, the alter ego of Bayat Overseas, Inc. d/b/a Pamir Food.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant asserts waiver, estoppel, contributory negligence and comparative fault as affirmative defenses.

**WHEREFORE**, Defendants hereby demand judgment dismissing the Plaintiff's Complaint in its entirety, together with the costs and disbursements of this action, including attorneys' fees and for such other, further and different relief as this court may deem just and proper.

Dated: New York, New York
       June 23, 2008

Respectfully Submitted,

KAUFMAN BORGEEST & RYAN LLP

By: _____
     Jonathan B. Bruno
     Milli D. Shah
Attorneys for Defendants
99 Park Avenue, 19th Floor
New York, New York 10016
Telephone No.: (212) 980-9600
Facsimile: (212) 980-9291

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copies of the foregoing:

1. Answer to Plaintiff's Amended Complaint

were served via first class mail on the 23rd day of June, 2008 upon:

Leonard Kreinces, Esq.
Kreinces & Rosenberg, P.C.
Attorneys for Plaintiff
900 Merchants Concourse
Westbury, New York  11590

_____
Jonathan B. Bruno